# Exhibit 4

**Appendix XII-B1**



| | |
|---|---|
| **CIVIL CASE INFORMATION STATEMENT**<br>(CIS)<br><br>Use for initial Law Division<br>Civil Part pleadings (not motions) under *Rule* 4:5-1<br>**Pleading will be rejected for filing, under *Rule* 1:5-6(c),<br>if information above the black bar is not completed<br>or attorney's signature is not affixed** | **FOR USE BY CLERK'S OFFICE ONLY**<br>PAYMENT TYPE:  ☐ CK ☐ CG ☐ CA<br>CHG/CK NO.<br>AMOUNT:<br>OVERPAYMENT:<br>FILED & RECEIVED #5<br>BATCH NUMBER: |

| ATTORNEY / PRO SE NAME<br>Timothy P. Duggan, Esquire | TELEPHONE NUMBER<br>(609) 895-7353 | COUNTY OF VENUE<br>Middlesex |
|---|---|---|

| FIRM NAME (if applicable)<br>Stark & Stark, A Professional Corporation | DOCKET NUMBER (when available)<br>MID-L- 7 1 0 - 14 |
|---|---|

| OFFICE ADDRESS<br>993 Lenox Drive, P.O. Box 5315<br>Princeton, New Jersey 08543-5315 | DOCUMENT TYPE<br>Complaint |
|---|---|
| | JURY DEMAND  ☐ Yes  ☒ No |

| NAME OF PARTY (e.g., John Doe, Plaintiff)<br>The National Republic Bank of Chicago | CAPTION<br>The National Republic Bank of Chicago v. North Brunswick Hospitality Group, LLC; North Brunswick Hospitality Liquor, LLC; et als. |
|---|---|

| CASE TYPE NUMBER<br>(See reverse side for listing)<br>502 | HURRICANE SANDY RELATED?<br>☐ YES  ☒ NO | IS THIS A PROFESSIONAL MALPRACTICE CASE?   ☐ YES  ☒ NO<br>IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
|---|---|---|

| RELATED CASES PENDING?<br>☐ Yes  ☒ No | IF YES, LIST DOCKET NUMBERS |
|---|---|

| DO YOU ANTICIPATE ADDING ANY PARTIES<br>(arising out of same transaction or occurrence)?<br>☐ Yes  ☒ No | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)<br>☐ NONE<br>☒ UNKNOWN |
|---|---|

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?<br>☒ Yes  ☐ No | IF YES, IS THAT RELATIONSHIP?<br>☐ EMPLOYER/EMPLOYEE   ☐ FRIEND/NEIGHBOR   ☐ OTHER (explain)<br>☐ FAMILIAL   ☒ BUSINESS |
|---|---|

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?   ☐ YES  ☒ No |
|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?<br>☐ YES  ☒ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| WILL AN INTERPRETER BE NEEDED?<br>☐ YES  ☒ No | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

| ATTORNEY SIGNATURE: | 5/30/14 |
|---|---|

**Side 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
### Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
- 151  NAME CHANGE
- 175  FORFEITURE
- 302  TENANCY
- 399  REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502  BOOK ACCOUNT (debt collection matters only)
- 505  OTHER INSURANCE CLAIM (including declaratory judgment actions)
- 506  PIP COVERAGE
- 510  UM or UIM CLAIM (coverage issues only)
- 511  ACTION ON NEGOTIABLE INSTRUMENT
- 512  LEMON LAW
- 801  SUMMARY ACTION
- 802  OPEN PUBLIC RECORDS ACT (summary action)
- 999  OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
- 305  CONSTRUCTION
- 509  EMPLOYMENT (other than CEPA or LAD)
- 599  CONTRACT/COMMERCIAL TRANSACTION
- 603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
- 603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
- 605  PERSONAL INJURY
- 610  AUTO NEGLIGENCE – PROPERTY DAMAGE
- 621  UM or UIM CLAIM (includes bodily injury)
- 699  TORT – OTHER

**Track III - 450 days' discovery**
- 005  CIVIL RIGHTS
- 301  CONDEMNATION
- 602  ASSAULT AND BATTERY
- 604  MEDICAL MALPRACTICE
- 606  PRODUCT LIABILITY
- 607  PROFESSIONAL MALPRACTICE
- 608  TOXIC TORT
- 609  DEFAMATION
- 616  WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617  INVERSE CONDEMNATION
- 618  LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
- 156  ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303  MT. LAUREL
- 508  COMPLEX COMMERCIAL
- 513  COMPLEX CONSTRUCTION
- 514  INSURANCE FRAUD
- 620  FALSE CLAIMS ACT
- 701  ACTIONS IN LIEU OF PREROGATIVE WRITS

**Multicounty Litigation (Track IV)**

| | | | |
|---|---|---|---|
| 266 | HORMONE REPLACEMENT THERAPY (HRT) | 288 | PRUDENTIAL TORT LITIGATION |
| 271 | ACCUTANE/ISOTRETINOIN | 289 | REGLAN |
| 274 | RISPERDAL/SEROQUEL/ZYPREXA | 290 | POMPTON LAKES ENVIRONMENTAL LITIGATION |
| 278 | ZOMETA/AREDIA | 291 | PELVIC MESH/GYNECARE |
| 279 | GADOLINIUM | 292 | PELVIC MESH/BARD |
| 281 | BRISTOL-MYERS SQUIBB ENVIRONMENTAL | 293 | DEPUY ASR HIP IMPLANT LITIGATION |
| 282 | FOSAMAX | 295 | ALLODERM REGENERATIVE TISSUE MATRIX |
| 284 | NUVARING | 296 | STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS |
| 285 | STRYKER TRIDENT HIP IMPLANTS | 297 | MIRENA CONTRACEPTIVE DEVICE |
| 286 | LEVAQUIN | 601 | ASBESTOS |
| 287 | YAZ/YASMIN/OCELLA | 623 | PROPECIA |

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1,
in the space under "Case Characteristics.

**Please check off each applicable category**   ☐ Putative Class Action   ☐ Title 59

**STARK & STARK**
A Professional Corporation
By: Timothy P. Duggan, Esquire
993 Lenox Drive, Bldg. 2
P.O. Box 5315
Princeton, New Jersey 08543-5315
(609) 896-9060
Attorneys for The National Republic Bank of Chicago

---

THE NATIONAL REPUBLIC BANK OF
CHICAGO,

      Plaintiff,

vs.

NORTH BRUNSWICK HOSPITALITY
GROUP, LLC; NORTH BRUNSWICK
HOSPITALITY LIQUOR, LLC; NORTH
BRUNSWICK RESTAURANT LIMITED
LIABILITY COMPANY; CHUTNEY
PARTNERS LIMITED LIABILITY
COMPANY; SUNIL NAYAK;
VANDANA NAYAK; MINESH PATEL;
and RAJENDRA PATEL

      Defendants.

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION
MIDDLESEX COUNTY

DOCKET NO.
MDL- 3 3 1 0 - 1 4
Civil Action

**COMPLAINT**

---

Plaintiff, The National Republic Bank of Chicago (the "Bank"), by way of Complaint, says:

### BACKGROUND

1. The Bank is a banking institution with offices located at 1201 West Harrison Street, Chicago, IL 60607.

2. Defendant, North Brunswick Hospitality Group, LLC, is a corporate entity with a principal place of business located at 999 South U.S. Highway 1, North Brunswick, New Jersey 08902.

3. Defendant, North Brunswick Hospitality Liquor, LLC, is a corporate entity with a principal place of business located at 999 South U.S. Highway 1, North Brunswick, New Jersey 08902.

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543

4.   Defendant, North Brunswick Restaurant, LLC, is a corporate entity with a principal place of business located at 1100 Corn Wall Road, Suite 115, Monmouth Junction, New Jersey 08852.

5.   Defendant, Chutney Partners Limited Liability Company, is a corporate entity with a principal place of business located at 999 South U.S. Highway 1, North Brunswick, New Jersey 08902.

6.   Defendant, Sunil Nayak, is an individual with a mailing address of 30 Drinking Brook Road, Monmouth Junction, New Jersey 08852.

7.   Defendant, Vandana Nayak, is an individual with a mailing address of 30 Drinking Brook Road, Monmouth Junction, New Jersey 08852.

8.   Defendant, Minesh Patel is an individual with a mailing address of 9 Hansen Drive, Edison, New Jersey 08820.

9.   Defendant, Rajendra Patel, is an individual with a mailing address of 42 Imlaystown High Town Road, Allentown, New Jersey 08540.

10. On or about October 30, 2002, Southington Hospitality Group, LLC and Defendant, North Brunswick Hospitality Group, LLC, being duly indebted to the  Bank in the sum of $5,600,000.00, executed and delivered to the Bank a promissory note (the "Note") dated October 30, 2002 to represent that sum payable, plus interest on the outstanding principal balance at an initial rate of Wall Street Prime plus 2%.

11. To secure the obligations evidenced by the Note, Southington Hospitality Group, LLC and Defendant, North Brunswick Hospitality Group, LLC, granted to the Bank a continuing first priority security interest in, *inter alia,* the building, structures, equipment and tangible property located at 999 South U.S. Highway 1, North Brunswick, New Jersey 08902 (the "2002

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543

-2-

Collateral") as evidenced by a certain security agreement dated October 30, 2002 (the "Security Agreement").

12. The security interest granted by the Security Agreement in the 2002 Collateral was perfected by the filing of a financing statement with the State of New Jersey.

13. The debt was also evidenced by, *inter alia*, the signing of a Leasehold Mortgage and Security Agreement (the "Mortgage") on real property located at 999 South U.S. Highway 1, North Brunswick, New Jersey 08902.

14. The debt was also evidenced by, *inter alia*, the signing of an Assignment of Leases and Rents on real property located at 999 South U.S. Highway 1, North Brunswick, New Jersey 08902.

15. To secure the obligation evidenced by the Note and all other obligations of Defendants, North Brunswick Hospitality Group, LLC and Chutney Partners Limited Liability Company to the Bank, existing or in the future, Defendants, Chutney Partner Limited Liability Company and North Brunswick Hospitality Group, LLC granted to the Bank a continuing first security interest in, *inter alia,* the building, structures, equipment and tangible property located at 999 South U.S. Highway 1, North Brunswick, New Jersey 08902 (the "2007 Collateral") as evidenced by a certain security agreement dated July 12, 2007 (the "Second Security Agreement").

16. The security interest granted by the Second Security Agreement in the 2007 Collateral was perfected by the filing of a financing statement with the State of New Jersey. Hereinafter, the 2002 Collateral and 2007 Collateral shall be referred to as the "Collateral."

17. On November 27, 2007, Southington Hospitality Group, LLC and Defendant, North Brunswick Hospitality Group, LLC executed a Modification Agreement extending the maturity

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543

-3-

date of the Note to October 30, 2012; modifying the payment terms and changing the interest rate to a fixed rate of 8.5%.

18. On October 28, 2009 Southington Hospitality Group, LLC and Defendant, North Brunswick Hospitality Group, LLC executed a Second Modification Agreement wherein the payment schedule was restructured to interest-only for one year starting July 31, 2009 and the remainder of the principle to be paid on the maturity date of October 30, 2012.

19. On March 9, 2010 Southington Hospitality Group, LLC and Defendant, North Brunswick Hospitality Group, LLC executed a Third Modification Agreement wherein the interest rate was reduced to a fixed rate of 7%; and the payment terms were restructured to interest-only for one year starting March 31, 2010, and additional amount of interest equal to 1.5% daily for the period between April 1, 2010 through March 31, 2011 to be paid on March 31, 2011, and constant monthly payments of principal and interest beginning April 30, 2011.

20. On May 24, 2011 Southington Hospitality Group, LLC and Defendant, North Brunswick Hospitality Group, LLC executed a Fourth Modification Agreement wherein the interest rate was increased to a fixed rate of 8.5%; an exit fee of $70,200.25 was established; and the payment schedule was restructured to two payments of $2,000 plus monthly accrued interest starting April 30, 2011, then constant monthly payments beginning on June 30, 2011, with the remainder to be paid on the maturity date.

21. On November 28, 2012 Defendants, North Brunswick Hospitality Group, LLC, North Brunswick Hospitality Liquor, LLC, and North Brunswick Restaurant Limited Liability Company (hereinafter collectively referred to as the "Debtors") executed a Fifth Modification Agreement ("Fifth Modification Agreement") wherein Southington Hospitality Group, LLC was released from the Note; Defendants, North Brunswick Hospitality Liquor, LLC, and North

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543

-4-

Brunswick Restaurant Limited Liability Company assumed liability for repayment of the Note and other obligations; the interest rate was reduced to a fixed rate of 7.0%; the maturity date was extended to October 30, 2015 and the payment schedule was restructured to constant monthly payments beginning November 30, 2012 with the balance to be paid on the maturity date. North Brunswick Hospitality Group, LLC remained liable on the obligations created by the Note and other loan documents.

22. On November 28, 2012, Defendants, Chutney Partners Limited Liability Company, Sunil Nayak, Vandana Nayak, Minesh Patel and Rajendra Patel (hereinafter collectively referred to as "Guarantors") executed and delivered to the Bank a Guaranty (the Guaranty"), whereby the Guarantors guaranteed payment of Debtors' indebtedness to the Bank, including all principal, interest, and attorneys' fees, as evidenced by the Note, Mortgage, Security Agreement and Second Security Agreement.

23. On March 31, 2014, the Bank and Defendants entered into a Forbearance Agreement (the "Forbearance Agreement") wherein the Bank agreed to forbear from the exercise of its rights and remedies.  The agreement to forbear would terminate upon the occurrence of an Event of Default.

24. To further secure the obligations evidenced by the Note, on March 31, 2014, North Brunswick Hospitality Group, LLC and North Brunswick Restaurant, LLC executed and delivered to the Bank an Assignment of Membership Interests in North Brunswick Hospitality Liquor, LLC (the "LLC Assignment").

<u>**COUNT ONE**</u>
<u>**(NOTE)**</u>

25. Plaintiff repeats the allegations in the Background and incorporates the same herein as if repeated at length.

26. The Note provides for acceleration of the gross balance of the Note upon default.

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543

27. The Note further provides for late charges and an increase of interest upon default.

28. Debtors also agreed to pay for the Bank's attorneys' fees, costs and expenses incurred in obtaining or enforcing payment of the obligation evidenced by the Note.

29. The Debtors defaulted on their obligation to the Bank under the terms of the Note for, *inter alia*, failing to make payment when due under the terms of the Forbearance Agreement and failing to adhere to the terms of a certain ground lease.

30. As a result of the default, the Bank is entitled to, *inter alia*, the remainder of principal, interest, late fees, and attorneys' fees, and all other sums due under the Mortgage, Security Agreement and Second Security Agreement.

WHEREFORE, the Bank demands judgment against the Defendants, North Brunswick Hospitality Group, LLC, North Brunswick Hospitality Liquor, LLC, and North Brunswick Restaurant Limited Liability Company, jointly and severally, as follows:

    a) Damages in the amount of all sums due on the Note, Mortgage, Security Agreement and Second Security Agreement, including attorney fees, costs and expenses;

    b) For an Order for expedited discovery; and

    c) For such other and further relief as is equitable, appropriate and just.

### COUNT TWO
### (Writ of Replevin/ Other Releif)

31. Plaintiff repeats the allegations in the Background and incorporates the same herein as if repeated at length.

32. Debtors defaulted on their obligations to the Bank under the terms of the Security Agreement and Second Security Agreement for, *inter alia*, failing to make payments when due.

33. The Bank made demand for payment in full. Despite demand, payment was not made.

34. As a result of the default, the Bank is entitled to, *inter alia*, the Collateral.

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543

35. As a result of the default, the Bank is entitle to exercise its rights under the LCC Assignment and take control of North Brunswick Hospitality Liquor, LLC .

WHEREFORE, the Bank demands judgment against Defendants, North Brunswick Hospitality Group, LLC, North Brunswick Hospitality Liquor, LLC, North Brunswick Restaurant Limited Liability Company and Chutney Partners Limited Liability Company as follows:

a) Damages in the amount of all sums due on the Note, including legal fees and expenses;

b) For the entry of a pre-judgment Writ of Replevin authorizing the Bank, with the assistance of the Sheriff, to take possession of the Collateral and membership interest in North Brunswick Hospitality Liquor, LLC  ; or alternatively

c) For an Order directing Debtors and Defendant, Chutney Partners Limited Liability Company to turnover and deliver the Collateral  to the Bank;

d) For the issuance of temporary restraints and preliminary injunction restraining Debtors and Defendant, Chutney Partners Limited Liability Company from transferring, concealing, disposing or encumbering the  Collateral, or the proceeds thereof, and requiring that all proceeds be deposited into a segregated bank account;

e) For an order appointing a receiver for North Brunswick Hospitality Liquor, LLC  to take control of said entity and sell its assets, including the liquor license;

f) For an Order for expedited discovery; and

g) For such other and further relief as is equitable, appropriate and just.

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543

## COUNT THREE
### (Breach of Guaranty)

36. Plaintiff hereby incorporates by reference the averments of all the Paragraphs above as though each were fully set forth herein.

37. The Guarantors defaulted on their obligation to the Bank under the terms of the Note and Guaranty for, *inter alia*, failing to make payment when due.

38. The Note and Guaranty provide that the Guarantors are liable to the Bank for costs and expenses, including reasonable attorneys' fees incurred by the Bank in obtaining or enforcing payment of the obligation evidence by the Note, Mortgage, Security Agreement, Second Security Agreement and Guaranty.

WHEREFORE, the Bank demands judgment against Defendants, Chutney Partners Limited Liability Company, Sunil Nayak, Vandana Nayak, Minesh Patel, Rajendra Patel and Parekh Rajnikant as follows:

a) Damages in the amount of all sums due on the Note, including legal fees and expenses;

b) For an Order for expedited discovery; and

c) For such other and further relief as is equitable, appropriate and just.

STARK & STARK,
A Professional Corporation
Attorneys for Plaintiff

By: _____
TIMOTHY P. DUGGAN

DATED: May 30, 2014

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543

## CERTIFICATION PURSUANT TO R. 4:5-1

Pursuant to R. 4:5-1, the undersigned certifies that this matter is not the subject of any other action pending in any court or arbitration proceeding, and no other action or arbitration proceeding is contemplated, except for an action to foreclose upon the mortgage encumbering 999 South U.S. Highway 1, North Brunswick, New Jersey 08902, to be filed in the Superior Court of New Jersey, Middlesex County. No other parties should be joined at this time.

STARK & STARK,
A Professional Corporation
Attorneys for Plaintiff

By: _____
TIMOTHY P. DUGGAN

DATED: May 30, 2014

## DESIGNATION OF TRIAL COUNSEL

Timothy P. Duggan is hereby designated as trial counsel in this matter.

STARK & STARK,
A Professional Corporation
Attorneys for Plaintiff

By: _____
TIMOTHY P. DUGGAN

DATED: May 30, 2014

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543

MIDDLESEX VICINAGE CIVIL DIVISION
P O BOX 2633
56 PATERSON STREET
NEW BRUNSWICK    NJ 08903-2633

TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (732) 519-3728
COURT HOURS  8:30 AM - 4:30 PM

DATE:    JUNE 02, 2014
RE:      THE NTL REPUBLIC BNK OF CHICAGO VS NORTH BRUNSWICK
DOCKET: MID L -003310 14

THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 1.

DISCOVERY IS   150 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

THE PRETRIAL JUDGE ASSIGNED IS:  HON JOSEPH REA

IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      001
AT:  (732) 519-3728 EXT 3728.

IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH R.4:5A-2.

ATTENTION:

ATT: TIMOTHY P. DUGGAN
STARK & STARK
993 LENOX DRIVE
BUILDING 2
LAWRENCEVILLE    NJ 08648

JUMWEI1

**RAJAN & RAJAN, LLP**
Mahesh Rajan, Esq. / Jordan B. Dascal, Esq.
NJ ID Nos: 001222003 / 903842012
3146 Route 27, Suite 202
Kendall Park, NJ 08824
Telephone: (732) 283-1955
Facsimile: (732) 283-1877
Attorney for Defendants, North Brunswick Hospitality Group, LLC; North Brunswick Hospitality Liquor, LLC; North Brunswick Restaurant Limited Liability Company; Chutney Partners Limited Liability Company; Sunil Nayak, Vandana Nayak, Minesh Patel, and Rajendra Patel.

| | |
|---|---|
| THE NATIONAL REPUBLIC BANK OF CHICAGO <br><br> Plaintiff, <br><br> vs. <br><br> NORTH BRUNSWICK HOSPITALITY GROUP, LLC.; NORTH BRUNSWICK HOSPITALITY LIQUOR, LLC; NORTH BRUNSWICK RESTAURANT LIMITED LIABILITY COMPANY; CHUTNEY PARTNERS LIMITED LIABILITY COMPANY; SUNIL NAYAK; VANDANA NAYAK; MINESH PATEL; and RAJENDRA PATEL <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION MIDDLESEX COUNTY <br><br> DOCKET NO.: MID-L-3310-14 <br><br> **Civil Action** <br><br> **DEFENDANTS' ANSWERS TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE AND SEPARATE DEFENSES AND COUNTERCLAIM AGAINST PLAINTIFF** |

Defendants, NORTH BRUNSWICK HOSPITALITY GROUP, LLC.; NORTH BRUNSWICK HOSPITALITY LIQUOR, LLC; NORTH BRUNSWICK RESTAURANT LIMITED LIABILITY COMPANY; CHUTNEY PARTNERS LIMITED LIABILITY COMPANY; SUNIL NAYAK; VANDANA NAYAK; MINESH PATEL; and RAJENDRA PATEL, (hereinafter collectively referred to as "Defendants"), by way of Answer and Counterclaim to Plaintiff's Complaint say:

## ANSWERS TO BACKGROUND

1.      Defendants lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 1 and leaves Plaintiff to its proofs of those allegations.

2.      Defendants admit the allegations in Paragraph 2 of the Complaint.

3.      Defendants admit the allegations in Paragraph 3 of the Complaint.

4.      Defendants admit the allegations in Paragraph 4 of the Complaint.

5.      Defendants admit the allegations in Paragraph 5 of the Complaint.

6.      Defendants admit the allegations in Paragraph 6 of the Complaint.

7.      Defendants admit the allegations in Paragraph 7 of the Complaint.

8.      Defendants admit the allegations in Paragraph 8 of the Complaint.

9.      Defendants admit the allegations in Paragraph 9 of the Complaint.

10.     Defendants neither admit nor deny the allegations in Paragraph 15 of the Complaint, as the Promissory Note, dated October 30, 2002, speaks for itself.

11.     Defendants neither admit nor deny the allegations in Paragraph 11 of the Complaint, as the Security Agreement, dated October 30, 2002, speaks for itself.

12.     Defendants lack sufficient knowledge as to form a belief as to the truth or falsity of the allegations in Paragraph 12 of this Complaint and leaves Plaintiff to its proofs of those allegations.

13.     Defendants neither admit nor deny the allegations in Paragraph 13 of the Complaint, as the Leasehold Mortgage, dated December 12, 2002, and Security Agreement, dated October 30, 2002, speaks for itself.

14.     Defendants neither admit nor deny the allegations in Paragraph 14 of the Complaint, as the Assignment of Leases and Rents, dated December 12, 2002, speaks for itself.

15.     Defendants neither admit nor deny the allegations in Paragraph 15 of the Complaint, as the Security Agreement, dated July 12, 2007, speaks for itself.

16. Defendants lack sufficient knowledge as to form a belief as to the truth or falsity of the allegations in Paragraph 16 of this Complaint and leaves Plaintiff to its proofs of those allegations.

17. Defendants neither admit nor deny the allegations in Paragraph 17 of the Complaint, as the Modification Agreement, dated November 27, 2007, speaks for itself.

18. Defendants neither admit nor deny the allegations in Paragraph 18 of the Complaint, as the Second Loan Modification and Ratification Agreement, dated October 28, 2009, speaks for itself.

19. Defendants neither admit nor deny the allegations in Paragraph 19 of the Complaint, as the Third Loan Modification and Ratification Agreement, dated March 9, 2010, speaks for itself.

20. Defendants neither admit nor deny the allegations in Paragraph 20 of the Complaint, as the Fourth Loan Modification and Ratification Agreement, dated May 24, 2001, speaks for itself.

21. Defendants neither admit nor deny the allegations in Paragraph 21 of the Complaint, as the Fifth Loan Modification and Ratification Agreement, dated November 28, 2012, speaks for itself.

22. Defendants neither admit nor deny the allegations in Paragraph 22 of the Complaint, as the Guaranty, dated November 28, 2012, speaks for itself.

23. Defendants neither admit nor deny the allegations in Paragraph 23 of the Complaint, as the Forbearance Agreement, dated March 31, 2014, speaks for itself.

24. Defendants neither admit nor deny the allegations in Paragraph 24 of the Complaint, as the Assignment of Membership Percentage, dated March 31, 2014, speaks for itself.

## ANSWERS TO COUNT ONE
### (Note)

25.     Defendants repeat and reassert their answers above as though fully set forth at length herein and do not otherwise respond to Paragraph 25 of the Complaint as it does not require a response.

26.     Defendants neither admit nor deny the allegations in Paragraph 26 of the Complaint, as the Note, dated October 30, 2002, speaks for itself.

27.     Defendants neither admit nor deny the allegations in Paragraph 27 of the Complaint, as the Note, dated October 30, 2002, speaks for itself.

28.     Defendants neither admit nor deny the allegations in Paragraph 28 of the Complaint, as the Note, dated October 30, 2002, speaks for itself.

29.     Defendants deny the allegations in Paragraph 29 of the Complaint.

30.     Defendants deny the allegations in Paragraph 30 of the Complaint.

**WHEREFORE,** Defendants demand Judgment dismissing the Plaintiff's Complaint together with counsel fees and costs of suit.

## ANSWERS TO COUNT TWO
### (Writ of Replevin/ Other Relief)

31.     Defendants repeat and reassert their answers above as though fully set forth at length herein and do not otherwise respond to Paragraph 31 of the Complaint as it does not require a response.

32.     Defendants deny the allegations in Paragraph 32 of the Complaint.

33.     Defendants admit the allegations in Paragraph 33 of the Complaint to the extent that they received such a demand from the Bank, but deny that any such payments were due.

34.     Defendants deny the allegations in Paragraph 34 of the Complaint.

35.     Defendants deny the allegations in Paragraph 35 of the Complaint.

**WHEREFORE,** Defendants demand Judgment dismissing the Plaintiff's Complaint together with counsel fees and costs of suit.

**ANSWER TO COUNT THREE**
**(Breach of Guaranty)**

36.     Defendants repeat and reassert their answers above as though fully set forth at length herein and do not otherwise respond to Paragraph 36 of the Complaint as it does not require a response.

37.     Defendants deny the allegations in Paragraph 37 of the Complaint.

38.     Defendants neither admit nor deny the allegations in Paragraph 38 of the Complaint, as the Note, Mortgage, Security Agreement, Second Security Agreement and Guaranty, speak for themselves.

**WHEREFORE,** Defendants demand Judgment dismissing the Plaintiff's Complaint together with counsel fees and costs of suit.

## AFFIRMATIVE DEFENSES
### First Separate Defense

Plaintiff's claims are barred because of the doctrine of estoppel, waiver, laches, and/or unclean hands.

### Second Separate Defense

Plaintiff is not entitled to any damages herein because it failed to substantiate its damages and provide supporting documents related to its calculation of damages.

### Third Separate Defense

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff failed to mitigate, minimize or avoid their alleged damages or loss.

### Fourth Separate Defense

Defendants acted reasonably, and therefore are not answerable to the Plaintiff in damages.

### Fifth Separate Defense

Defendants are not guilty of any breach of contract as claimed, and/or Plaintiffs are barred by the terms of the agreement between the parties.

### Sixth Separate Defense

Plaintiff's claims are barred because Plaintiff lacks standing to file this claim and/or this lawsuit.

### Seventh Separate Defense

Plaintiff's claims are barred because underlying contracts which form the basis for this action are illegal, unenforceable, voidable, and/or void.

### Eighth Separate Defense

Plaintiff's damages, if any, were caused by persons over whom these Defendants had no control.

### Ninth Separate Defense

Defendants reserve the right, upon completion of their investigation and discovery, to file additional defenses, affirmative defenses, counterclaims, cross claims, and/or third party complaints as may be appropriate, or to seek the dismissal of the Plaintiff's Complaint.

### REQUEST FOR PRODUCTION OF DOCUMENTS
### PURSUANT TO R. 4:18-2

PLEASE TAKE NOTICE that pursuant to R. 4:18-2 we hereby request that you produce at the offices of Rajan & Rajan, LLP 3146 Route 27, Suite 202, Kendall Park, New Jersey 08824, within five (5) days of the date hereof, the following designated documents:


1.    Any and all documents referenced in the Plaintiff's Complaint.

## COUNTERCLAIM

Defendant, SUNIL NAYAK (hereinafter collectively referred to as "Nayak"), by way of a Counterclaim against Plaintiff, THE NATIONAL REPUBLIC BANK OF CHICAGO (hereinafter referred to as the "Bank") says:

## **FIRST COUNT**
### **(Tortious Interference with Prospective Economic Advantage)**

39.    Nayak was also a member of Princeton Plainsboro Hospitality Group, LLC ("PPHG").

40.    PPHG was a member of Princeton Three Hospitality Group LLC ("P3HG").

41.    Nayak was a manager of P3HG.

42.    The Bank loaned money to P3HG and PPHG was a guarantor on that loan ("P3HG Loan").

43.    P3HG maintained an interest reserve account with the Bank in connection with the P3HG Loan.

44.    From August 2011 to February 2013, the Bank withdrew money from P3HG's interest reserve account in order to make payments to the loan subject to this action ("NB Loan").

45.    Neither P3HG, its managers, its members, nor any of the Defendants in this action authorized those withdrawals, nor were the loans cross-collateralized or subject to any agreement which would legally permit the Bank to perform such withdrawals.

46.    P3HG demanded the amounts refunded from the Bank, but the Bank refused to provide such a refund.

47.     As a result, P3HG attempted to refinance their loan with TD Bank, N.A. However, the Bank provided an erroneous payoff statement which did not credit P3HG for the money improperly withdrawn from their account.

48.     The Bank told Nayak that the only way they would give P3HG a credit for the approximately half million ($500,000.00) dollars they illegally withdrew from P3HG would be if Nayak would essentially invest an additional sum of approximately a quarter million dollars ($250,000.00) of his personal funds in North Brunswick Hospitality Group, LLC.

49.     The other members and managers of P3HG held Nayak and PPHG responsible for the Bank's actions. They told Nayak that either he would have to personally pay back the money taken by the Bank, or they would demand an excessively large capital call which would result in Nayak and PPHG being forced out of P3HG.

50.     As a result, Nayak and PPHG were forced to sell their interests and withdraw from P3HG.

51.     Nayak expected to benefit greatly through his time spent as a manager of P3HG.

52.     The Bank intentionally withdrew money from P3HG's accounts to credit towards the NB Loan, and intentionally refused to refund that money.

53.     The Bank's actions resulted in Nayak being removed from P3HG, which caused him to lose the economic gain he expected to earn from that position, and as such Nayak was harmed as a result of the Bank's actions.

54.     Had there been no such interference, Nayak would have prospered from his position with P3HG.

**WHEREFORE**, Defendant Sunil Nayak demands Judgment against the Plaintiff, The National Republic Bank of Chicago, for compensatory damages, punitive damages, attorney's fees, costs of suit and other relief as the Court may deem just and proper.

## CERTIFICATION

Pursuant to Rule 4:5-1, I hereby certify that, to my knowledge, information and belief, the claims and matters asserted in this controversy are not the subject of any other pending action in any court or of a pending arbitration proceeding, other than the pending foreclosure action on the same matter also in Middlesex County, Docket Number F-38595-14. I further certify that there is no other party that that should be joined in this matter, other than Princeton Plainsboro Hospitality Group, LLC.

**RAJAN & RAJAN, LLP**

Dated: 10/31/14

Jordan B. Dascal, Esq.
Mahesh Rajan, Esq.
Attorneys for Defendants

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Mahesh Rajan, Esq. is hereby designated as trial counsel of this matter.

## CERTIFICATION OF SERVICE

I hereby certify that I caused a copy of Defendants' Answers and Counterclaim to be served upon counsel for the Plaintiff, Timothy P. Duggan, Esq., of Stark & Stark, P.C., at 993 Lenox Drive, Building 2, P.O. Box 5315, Princeton, New Jersey 08543 within the time and in the manner prescribed by the Rules of Court.

**RAJAN & RAJAN, LLP**

Dated: 10/31/14

Jordan B. Dascal, Esq.
Mahesh Rajan, Esq.
Attorneys for Defendants

**Appendix XII-B1**



# CIVIL CASE INFORMATION STATEMENT (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1.
**Pleading will be rejected for filing, under *Rule* 1:5-6(c), if information above the black bar is not completed or attorney's signature is not affixed.**

| FOR USE BY CLERK'S OFFICE ONLY | |
| --- | --- |
| PAYMENT TYPE: ☐ CK  ☐ CG  ☐ CA | |
| CHG/CK NO.: | |
| AMOUNT: | |
| OVERPAYMENT: | |
| BATCH NUMBER: | |

| ATTORNEY/PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
| --- | --- | --- |
| Jordan B. Dascal, Esq., Attorney ID No.: 903842012 | 732  283-1955 | **Middlesex County** |

| FIRM NAME (if applicable) | DOCKET NUMBER (when available) |
| --- | --- |
| **Rajan & Rajan, LLP** | **MID-L-3310-14** |

| OFFICE ADDRESS | DOCUMENT TYPE |
| --- | --- |
| **3146 State Route 27, Suite 202, Kendall Park, New Jersey 08824** | **Answer with counterclaim** |
| | JURY DEMAND  ☐ YES  ☒ NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
| --- | --- |
| North Brunswick Hospitality Group, LLC; North Brunswick Hospitality Liquor, LLC; North Brunswick Restaurant Limited Liability Company; Chutney Partners, Limited Liability Company; Sunil Nayak; Vandana Nayak; Minesh Patel; Rajendra Patel, Defendants | **The National Republic Bank of Chicago v. North Brunswick Hospitality Group, LLC; North Brunswick Hospitality Liquor, LLC; North Brunswick Restaurant Limited Liability Company; Chutney Partners, Limited Liability Company; Sunil Nayak; Vandana Nayak; Minesh Patel; Rajendra Patel** |

| CASE TYPE NUMBER (See reverse side for listing) **502** | HURRICANE SANDY RELATED? ☐ YES ☒ NO | IS THIS A PROFESSIONAL MALPRACTICE CASE?  ☐ YES  ☒ NO |
| --- | --- | --- |
| | | IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING? ☒ YES ☐ NO | IF YES, LIST DOCKET NUMBERS **MID-F-38595-14** |
| --- | --- |

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐ YES ☒ NO | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)  ☐ NONE  ☒ UNKNOWN |
| --- | --- |

**. THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ☒ YES ☐ NO | IF YES, IS THAT RELATIONSHIP ☐ EMPLOYER-EMPLOYEE  ☐ FRIEND/NEIGHBOR  ☐ OTHER (explain) _____ ☐ FAMILIAL  ☒ BUSINESS _____ |
| --- | --- |

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?  ☐ YES  ☒ NO |
| --- |

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ YES ☒ NO | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION: |
| --- | --- |
| WILL AN INTERPRETER BE NEEDED? ☐ YES ☒ NO | IF YES, FOR WHAT LANGUAGE: |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE

30 - Civil Case Information Statement (CIS)
Appendix XII-B1; CN 10517
Rev. 8/19/13  Effective 8/19/13  P8/13

Powered by
**HOTdocs**

Printed by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.aslegal.com  800.222.0510          Page 1

| SIDE 2 |  | **CIVIL CASE INFORMATION STATEMENT**<br>**(CIS)**<br>Use for initial pleadings (not motions) under *Rule 4:5-1* |
|---|---|---|

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I — 150 days' discovery**
- 151    NAME CHANGE
- 175    FORFEITURE
- 302    TENANCY
- 399    REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502    BOOK ACCOUNT (debt collection matters only)
- 505    OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS)
- 506    PIP COVERAGE
- 510    UM or UIM CLAIM (coverage issues only)
- 511    ACTION ON NEGOTIABLE INSTRUMENT
- 512    LEMON LAW
- 801    SUMMARY ACTION
- 802    OPEN PUBLIC RECORDS ACT (SUMMARY ACTION)
- 999    OTHER (briefly describe nature of action) _____

**Track II — 300 days' discovery**
- 305    CONSTRUCTION
- 509    EMPLOYMENT (other than CEPA or LAD)
- 599    CONTRACT/COMMERCIAL TRANSACTION
- 603N   AUTO NEGLIGENCE - PERSONAL INJURY (non-verbal threshold)
- 603Y   AUTO NEGLIGENCE - PERSONAL INJURY (verbal threshold)
- 605    PERSONAL INJURY
- 610    AUTO NEGLIGENCE - PROPERTY DAMAGE
- 621    UM or UIM Claim (includes bodily injury)
- 699    TORT – OTHER

**Track III — 450 days' discovery**
- 005    CIVIL RIGHTS
- 301    CONDEMNATION
- 602    ASSAULT AND BATTERY
- 604    MEDICAL MALPRACTICE
- 606    PRODUCT LIABILITY
- 607    PROFESSIONAL MALPRACTICE
- 608    TOXIC TORT
- 609    DEFAMATION
- 616    WHISTLEBLOWER/CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617    INVERSE CONDEMNATION
- 618    LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV — Active Case Management by Individual Judge/450 days' discovery**
- 156    ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303    MT. LAUREL
- 508    COMPLEX COMMERCIAL
- 513    COMPLEX CONSTRUCTION
- 514    INSURANCE FRAUD
- 620    FALSE CLAIMS ACT
- 701    ACTIONS IN LIEU OF PREROGATIVE WRITS

**Multicounty Litigation (MCL) (Track IV)**

| 266 | HORMONE REPLACEMENT THERAPY (HRT) | 288 | PRUDENTIAL TORT LITIGATION |
|---|---|---|---|
| 271 | ACCUTANE/ISOTRETINOIN | 289 | REGLAN |
| 274 | RISPERDAL/SEROQUEL/ZYPREXA | 290 | POMPTON LAKES ENVIRONMENTAL LITIGATION |
| 278 | ZOMETA/AREDIA | 291 | PELVIC MESH/GYNECARE |
| 279 | GADOLINIUM | 292 | PELVIC MESH/BARD |
| 281 | BRISTOL-MYERS SQUIBB ENVIRONMENTAL | 293 | DEPUY ASR HIP IMPLANT LITIGATION |
| 282 | FOSAMAX | 295 | ALLODERM REGENERATIVE TISSUE MATRIX |
| 284 | NUVARING | 296 | STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS |
| 285 | STRYKER TRIDENT HIP IMPLANTS | 297 | MIRENA CONTRACEPTIVE DEVICE |
| 286 | LEVAQUIN | 601 | ASBESTOS |
| 287 | YAZ/YASMIN/OCELLA | 623 | PROPECIA |

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."

Please check off each applicable category:   ☐ **Putative Class Action**    ☐ **Title 59**

30 - Civil Case Information Statement (CIS)
Appendix XII-B1; CN 10517
Rev. 8/19/13   Effective 8/19/13   P8/13

Powered by 

Printed by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.aslegal.com   800.222.0510   Page 2

**JORDAN B. DASCAL, ESQ.**
Attorney ID.: 903842012
RAJAN & RAJAN, LLP
3146 Route 27, Suite 202
Kendall Park, NJ 08824
Phone: (732) 283-1955
Facsimile: (732) 283-1877
Attorney for Defendants

| | |
|---|---|
| THE NATIONAL REPUBLIC BANK OF CHICAGO | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: MIDDLESEX COUNTY |
| Plaintiff, | DOCKET NO. MID-L-3310-14 |
| vs. | Civil Action |
| NORTH BRUNSWICK HOSPITALITY GROUP, LLC.; NORTH BRUNSWICK HOSPITALITY LIQUOR, LLC; NORTH BRUNSWICK RESTAURANT LIMITED LIABILITY COMPANY; CHUTNEY PARTNERS LIMITED LIABILITY COMPANY; SUNIL NAYAK; VANDANA NAYAK; MINESH PATEL; and RAJENDRA PATEL | STIPULATION EXTENDING TIME TO ANSWER |
| Defendants. | |

It is hereby stipulated and agreed by and between the attorney for Plaintiff, The National Republic Bank of Chicago and the attorney for Defendants, North Brunswick Hospitality Group, LLC, North Brunswick Hospitality Liquor, LLC, North Brunswick Restaurant, LLC, Chutney Partners, LLC, Sunil Nayak, Vandana Nayak, Minesh Patel, and Rajendra Patel that the time within which Defendants, North Brunswick Hospitality Group, LLC, North Brunswick Hospitality Liquor, LLC, North Brunswick Restaurant, LLC, Chutney Partners, LLC, Sunil Nayak, Vandana Nayak, Minesh Patel, and Rajendra Patel, are to file and serve an Answer or otherwise respond to the Complaint in this action is hereby extended to October 31, 2014.

DATED: October 14, 2014

**STARK & STARK**

Timothy P. Duggan, Esq.
Attorney for Plaintiff

**RAJAN & RAJAN, LLP**

Jordan B. Dascal, Esq.
Attorney for Defendants